UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKYE HENDERSON, SR.,                    Case No. 26-10100

    Plaintiff,
                                           F. Kay Behm
v.                                         United States District Judge

JILL ZYSKOWSKI,

    Defendant.
_____ /

## OPINION AND ORDER DISMISSING COMPLAINT (ECF No. 1)

Plaintiff Rickye Bernard Henderson, Sr. (the case caption incorrectly lists him as "Henerson"), filed this civil action in the Eastern District of Michigan on January 12, 2026, against Defendant Jill Zyskowski. ECF No. 1. Plaintiff also filed an application to proceed *in forma pauperis*, which the court **GRANTS**. ECF No. 2.

While the exact sequence of events underlying his complaint was unclear from Plaintiff's pleading, the relevant events have been summarized in similar cases. *See Rejoyce Found. v. Armbrust & Brown, PLLC*, No. A-25-CV-1179, 2025 WL 3478511, 2025 LX 398790, at *5-6 (W.D. Tex. Aug. 6, 2025); *see also Brown v. City of Warren*, No. 25-cv-12415, 2025 LX 538396, at *4 (E.D. Mich. Oct. 30, 2025) (a court may also consider "public records" in evaluating a claim under § 1915(e))

1

(citing *Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).  Henderson leased some sort of commercial property in Texas.[1]  A fire damaged the property, and Henderson indicates he was accused of arson in connection with the fire.  *See Rejoyce Found.*, 2025 LX 398790, at *5-6.  Henderson alleges that another person (not named as a defendant here), who was "an [] electrician terminated by Plaintiff prior to the fire," authored an email using a racial slur that blamed Henderson for starting the fire.  *See id.*; ECF No. 1-2, PageID.31.  He alleges this email was sent to Atain Insurance's investigators and adjusters and was eventually used as part of a legal strategy in state-court litigation.  Zyskowski was one of Attain's lawyers, and sent an email referencing that racial slur (though she herself was only quoting the original email).  He claims this conduct by Zyskowski violated 42 U.S.C. § 1981 as intentional racial discrimination in the performance of his insurance contract.  ECF No. 1, PageID.12.

    Under 28 U.S.C. § 1915(e), a district court is required to screen for, and *sua sponte* dismiss, claims brought by *pro se* litigants

---

[1] Defendant alleges venue and jurisdiction are proper here because Zyskowski is a citizen of this District.  ECF No. 1-1, PageID.22.  The court ultimately need not question the propriety of venue because, as explained, res judicata bars his case entirely.

proceeding *in forma pauperis* based on an indisputably meritless legal theory, claims whose factual contentions are clearly baseless, and complaints that fail to state a claim upon which relief can be granted. *See* § 1915(e)(2)(B); *Gifford v. Grassley*, No. 20-10762, 2020 WL 4006845, at *2 (E.D. Mich. Apr. 6, 2020), *report and recommendation adopted*, No. 20-10762, 2020 WL 2028572 (E.D. Mich. Apr. 28, 2020); *Neitzke v. Williams*, 490 U.S. 319, 109 (1989).

While a dismissal under § 1915(e) is not a dismissal on the merits, a court's previous determination and dismissal on frivolousness has a res judicata effect for future *in forma pauperis* petitions. *White v. Paint Tech Int'l & Quality Containment Sol.*, No. 13-13896, 2013 WL 5676689, 2013 U.S. Dist. LEXIS 150035, at *4 (E.D. Mich. Oct. 18, 2013) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)). Thus, res judicata is an appropriate basis to dismiss for failure to state a claim during the initial screening of a complaint pursuant to § 1915(e)(2). *See Smith v. Morgan,* 75 F. App'x 505, 506 (6th Cir. 2003) (affirming dismissal "pursuant to § 1915(e) because the doctrine of res judicata bars consideration of the instant complaint"); *see also Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 374 (6th Cir. 2007) (affirming dismissal based on res judicata pursuant to § 1915(e)

because the plaintiff "could have made all of the same allegations and claims he makes in his current lawsuit in that earlier second lawsuit"). Courts are "empowered to raise res judicata sua sponte" in the interest of judicial economy. *Stinson v. Fowlkes*, No. 2:24-cv-02870, 2025 WL 2639891, 2025 LX 355201, at *8 (W.D. Tenn. Aug. 14, 2025) (citing *Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (citations omitted)).

From the face of the complaint, it was apparent that Plaintiff brought this action already in the U.S. District Court for the Western District of Texas. *See* ECF No. 1, PageID.1. A search confirmed that Plaintiff has already brought several suits against this same Defendant on the same grounds or regarding the same circumstances, and those cases were dismissed as frivolous. *See, e.g.*, *Henderson v. Atain Ins. Co.*,[2] No. 1:24-CV-01208, 2025 WL 719083, 2025 LX 250340, at *5 (W.D. Tex. Jan. 17, 2025) ("Henderson's claims against Atain, Zyskowski, Watts, Mickleson, and Sigman for racial discrimination should be dismissed."), *report and recommendation adopted*, No. 1:24-CV-1208, 2025 WL 715767, 2025 LX 182074 (W.D. Tex. Mar. 5, 2025), *aff'd*, No.

---

[2] Jill Zyskowski was a named Defendant in that case as well.

4

25-50187, 2025 WL 1718220, 2025 LX 182111 (5th Cir. June 20, 2025), *reh'g denied*, No. 25-50187, 2025 LX 399766 (5th Cir. Aug. 8, 2025). In *Rejoyce Found. v. Armbrust & Brown, PLLC*, No. A-25-CV-1179, 2025 LX 398790, at *8-9 (W.D. Tex. Aug. 6, 2025), another one of these cases, Plaintiff specifically asserted § 1981 claims against Zyskowski (just as he did here regarding the same facts). But the court there noted that "[a]ttorneys are generally 'immune from civil liability to non-clients for actions taken in connection with representing a client in litigation.'" *Id.* (citing *Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 765 (5th Cir. 2019) (further citation omitted)), *report and recommendation adopted*, No. 1:25-CV-01179, 2025 LX 529242, at *10 (W.D. Tex. Nov. 19, 2025). And specifically regarding Plaintiff's § 1981 claim regarding the use of the racial slur, the court found his allegations insufficient to state a claim. *See Rejoyce Found.*, No. A-25-CV-1179-, 2025 LX 398790, at *11, *report and recommendation adopted*, No. 1:25-CV-01179, 2025 LX 529242, at *11 ("Plaintiff does not plausibly allege that a racial slur was used in a legal proceeding, but rather that the underlying evidence used against him contains a racial slur."). That determination of frivolousness on the same claim in an IFP petition has preclusive effect on this action arising from the same factual circumstances and against

the same defendant. To the extent he may be trying a new variation on his prior theories here, he "could have made all of the same allegations and claims he makes in his current lawsuit" in those earlier lawsuits. *See Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 374 (6th Cir. 2007). As a result, his complaint is barred by claim preclusion and fails to state a claim upon which relief can be granted. Given his many prior bites at the apple, this case is also frivolous.

This case is therefore **DISMISSED** for frivolousness and failure to state a claim under 28 U.S.C. § 1915(e). An order of judgment will follow.

**SO ORDERED**.

Date: January 26, 2026    s/F. Kay Behm
F. Kay Behm
United States District Judge